IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:03-CR-6-BO

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARQUETTE DEVON APPLEWHITE )<br>) | **O R D E R** |

This cause comes before the Court on defendant's pro se letter asking for the appointment of counsel to assist him in filing a motion to reduce his sentence as a result of a recent case decided by the Supreme Court. [DE 95]. A standing order was entered on November 23, 2016, appointing the Federal Public Defender's Office to determine whether defendant may qualify for post-conviction relief pursuant to *Johnson v. United States*, 576 U.S. —, 135 S.Ct. 2551 (2015), and if so, to assist defendant in obtaining such relief. No motion has been filed by or on behalf of defendant.

Petitioner's new motion, brought as a result of a separate Supreme Court case, also seeks appointment of counsel in order to attack his original sentence or conviction. Such a motion is properly brought as a claim pursuant to 28 U.S.C. § 2255, and a movant under § 2255 is not automatically entitled to counsel. *United States v. Dean*, 933 F.2d 1002 (4th Cir. 1991) (unpublished). Accordingly, and because defendant has not demonstrated extraordinary circumstances, the Court declines at this time to appoint counsel to represent him in this matter.

The Court GRANTS petitioner 30 (thirty) days from the filing of this notice to confirm or deny his intent to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. If a response is not filed within this time, this Court will presume that petitioner is not seeking such relief and this action will be dismissed. Should the petitioner notify this Court of

his intention to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the Clerk of Court is DIRECTED to provide petitioner with the appropriate forms on which to file such a motion. The court further warns the petitioner of the effects of filing a motion pursuant to section 2255, and advises him as to the requirements of section 2255. *See Castro v. United States*, 540 U.S. 375, 377, 383 (2003); *see also United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).

SO ORDERED, this 6 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE